James S. Brown, Jr., J.
Application under section 322 of the Real Property Law, initiated by order to show cause, to cancel a mortgage without production of the original mortgage. The order provides for notice to the mortgagee by publication in a newspaper. In the instant situation the applicants could not proceed under section 340 of the Real Property Law (ancient mortgage) because they do not meet the requirements of said section. Normal procedure would then dictate that applicants proceed under subdivision 4 of section 500 of the Real Property Law.
Section 322 of the Real Property Law provides that: “ Eight days’ personal notice of the application for such order shall he given to the then present owner of the real estate, the mortgagee, or his or their personal representatives, heirs, sue *243 cessors or assigns as the case may require, and to the party sought to be charged with the expenses of the proceeding, except that where any of the parties upon whom service is herein required to be made cannot with due diligence be personally served, the court to which the petition is presented may direct such mode of service as may appear proper. ’ ’ Applicants attempt to proceed pursuant to this section on the theory that publication is a “ mode of service” which said section authorizes the court to direct. However, it would not appear that “ mode of service ” encompasses such constructive notice as would follow insertion of the order in a newspaper. “ Mode of service ’ ’ must be construed to mean some method by which actual notice would be given to the mortgagee. The statement that applicants cannot locate the mortgagee and do not know whether said mortgagee is alive or dead bars them from proceeding under section 340 of the Beal Property Law (ancient mortgage) and relegates them to an action under subdivision 4 of section 500 of the Beal Property Law which contemplates and applies to this situation and was specifically enacted for that purpose. If the scope of sections 322 and 340 of the Beal Property Law is to be enlarged, such remedial power lies with the Legislature.
Section 342 of the Beal Property Law provides that the order to show cause in a proceeding initiated under section 340 may be served by publication. If the Legislature had intended to extend such method of service to an application under section 322 of the Beal Property Law it would have so provided. .It follows, therefore, that the instant application must be denied.
Subsequent to this application, there was submitted evidence of the death of the mortgagee. With this additional evidence it would appear that now an application might lie to cancel this mortgage in accordance with the provisions of section 340 of the Beal Property Law and applicants are given leave so to proceed.